# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT PHILLIP BAKER,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-11899-DJC |
| | ) |
| **HONORABLE ANTHONY NESI,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, D.J.**                                                                                                      December 2, 2011

**I.     Introduction**

On October 26, 2011, Plaintiff Robert Phillip Baker ("Baker"), a resident of Haverhill, Massachusetts, filed a civil rights complaint, along with three other civil actions.[1]  Generally, in this action, Baker alleges that the Defendant, First Justice Anthony Nesi ("Justice Nesi") of the Bristol County Probate and Family Court, violated his constitutional rights by engaging in *ex parte* conversations with opposing counsel in connection with his divorce case in the Probate and Family Court.[2]  He claims that Justice Nesi reached an agreement with opposing counsel concerning the conduct of the divorce proceedings prior to the divorce complaint being filed.  He also asserts that Justice Nesi conspired with opposing counsel, his ex-wife, Melissa Baker, her father (David Stanley), and her stepmother (Mary Delores Stanley), thereby preventing him from receiving a fair and just adjudication of the entire divorce proceedings.  Baker contends that, as a result of this conspiracy, his divorce proceedings and all orders rendered in the course of those proceedings are null and void.

---

[1] See Baker v. Officer Macafferly, Civil Action No. 11-11900-RWZ; Baker v. Halkiotis, Civil Action No. 11-11897-RGS; and Baker v. Matzeis, Civil Action No. 11-11896-RGS.

[2] See Docket No. BRD09Do177DR.

The rest of Baker's complaint is neither organized nor entirely coherent. A substantial portion of the complaint recounts the background of Baker's state court divorce proceedings and includes a number of disparaging allegations with respect to his ex-wife and her family, in an attempt to outline the basis for his assertion that the adverse divorce rulings were "a fair [sic] accompli."[3]  Compl. at ¶ 5. Specifically, Baker challenges the fact that in February, 2009, an "emergency" hearing was held 24 hours after the filing of the divorce complaint. At that emergency hearing, Melissa Baker requested permission to relocate with their three minor children to an address in Florida (*i.e.*, her father's residence), 1400 miles away from the marital residence. He contends that there was no need for this emergency hearing because he previously had vacated the home, and because, as he later discovered, Melissa Baker had already moved to Florida weeks before the motion was filed. Baker takes issue with Justice Nesi's grant of Melissa Baker's motion to relocate with their children and asserts that this order is null and void because he did not receive proper notice of the motion.

Next, Baker contends that Melissa Baker and her married, "adulterous paramour" along with her father and stepmother, kidnaped their three minor children absent the court order regarding

---

[3]The Court notes that many of the allegations raised in this action were previously asserted in Baker's prior, unsuccessful lawsuits in this Court. See Baker v. Stanley-Baker, Civil Action No. 09-11888-JLT; Baker v. Stanley-Baker, Civil Action No. 09-11886-JLT; Baker v. Stanley-Baker, Civil Action No. 09-11870-JLT; Baker v. Nesi, Civil Action No. 09-11869-JLT; Baker v. Savignano, Civil Action No. 09-11863-JLT; Baker v. Ribeiro, et al., Civil Action No. 09-11862-JLT; Baker v. Ribeiro et al., Civil Action No. 09-11859-JLT; Baker v. Stanley, et al., Civil Action No. 09-11823-JLT. In one form or another, each of those actions challenged matters arising out of or related to divorce proceedings and/or Chapter 209A (restraining order) proceedings. Specifically, Baker challenged his divorce decree, the orders impacting the custody of his children and his visitation rights, the distribution of marital property and his due process in the state courts.

custody that was granted 22 days later. Id. at ¶ 22. He contends that Justice Nesi knew of this alleged kidnaping but failed to take action. He claims that Justice Nesi's order conclusively proves that he had *ex parte* discussions and agreements with opposing counsel. Baker also alleges that Justice Nesi never recognized his rights as a father to parent his minor children, thereby violating his constitutional rights and state law. He alleges that, as a result, he lost the consortium of his children. He argues that the *ex parte* communications and conspiracy renders the orders of Justice Nesi with respect to his minor children (*i.e.*, custody and/or visitation orders) null and void. He further contends that Justice Nesi rejected his written and verbal requests for discovery. Next, Baker contends that his ex-wife and her family stole his Ford Explorer, cash, and other property, and that Justice Nesi failed to take corrective action in connection with his rulings on the distribution of the marital assets.[4]

In addition to these allegations concerning adverse rulings in the divorce proceedings, Baker contends that Justice Nesi prohibited the Registrar of the Probate and Family Court from docketing between 30 and 40 of his pleadings without giving him notice of this order, and without good cause.[5]

---

[4]Baker also lists a number of other complaints of the actions or inactions of Justice Nesi in the course of the divorce proceedings (*e.g.*, failing to order Melissa Baker to participate in a parenting class, prohibiting Baker from making any subsequent appeals seeking a ruling that would alter the custody order, ordering psychiatric evaluations of the parties but failing to direct disclosure of psychiatric reports of Melissa Baker, and failing to recuse himself). Additionally, Baker contends that Justice Nesi usurped the appeals court jurisdiction when he ruled that the divorce proceeding was in the jurisdiction of the State of Florida six months after Melissa Baker and the minor children moved to Florida. Baker asserts this ruling denied him of his right to access to the courts, equal protection, and other constitutional rights. It is unknown what state appellate avenues Baker pursued with respect to these divorce rulings.

[5]The alleged undocketed pleadings included a motion for an evidentiary hearing, a motion for a guardian *ad litem* to be appointed, a motion for disqualification and recusal of Justice Nesi, a Notice of Appeal, a motion to continue the trial date because of Baker's fourth incarceration (presumably for restraining order violations), a motion to enjoin, retroactively, the removal of his

Baker asserts that Justice Nesi acted in the "clear absence of jurisdiction" because the divorce suit had not been filed at the time of the alleged conspiracy, and that Justice Nesi acted as a "vigilante" in connection with the divorce proceedings. Id. at ¶ 70. Baker recognizes that a judge is entitled to absolute judicial immunity for equitable damages, but contends that a judge must be held to a higher standard as demonstrated by the Canon of Ethics for the Judiciary. He alleges that he will ask the United States Attorney for, *inter alia*, the extradition of Melissa Baker and her stepmother for theft and conversion of his property, and for other funds. He will also ask the United States Attorney to seek a court-ordered psychiatric evaluation of his ex-wife, and to prosecute her based on her allegedly false claims resulting in his arrest and imprisonment (based on violations of Chapter 209A restraining orders), and for kidnaping his children. Further, he seeks an opportunity to "participate in a lawful and legal divorce proceeding." Id. at ¶ 72.

Finally, Baker recounts his allegations contained in two other lawsuits filed contemporaneously with this action, but which are unrelated to matters involving Justice Nesi directly. First, he makes claims against a security officer, Charles Matzeis, for allegedly denying him access to the law library at the Taunton Superior Court, and denying him court access. See Baker v. Matzeis, Civil Action No. 11-11896-RGS. Second, Baker recounts his dealings with the Taunton Police Department in connection with a search of his apartment and seizure of his property and other matters relating to the alleged violation of an abuse prevention order, resulting in his incarceration. He also asserts the Taunton police attempted on three occasions to have him admitted to a psychiatric hospital. See Baker v. Officer Macafferly, Civil Action No. 11-11900-RWZ.

Baker fails to specify in any concrete fashion the nature of the relief sought in this action;

---

minor children from the Commonwealth, and a motion to enlarge time in order to retain an attorney.

4

however, in his civil cover sheet accompanying the complaint, he seeks $10,000,000.00.

Along with the complaint, Baker filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

## II. Discussion

### A. The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Baker's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

### B. The Complaint is Subject to Screening

Because Baker is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines . . . it lacks subject matter jurisdiction, the court must dismiss the action."); see also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

For purposes of preliminary screening, this Court liberally construes Baker's pleadings because he is proceeding *pro se.* See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, Baker's suit must be dismissed for the reasons discussed below.

C.   Lack of Jurisdiction

To the extent that Baker seeks any kind of relief from the rulings made in the course of his divorce proceedings, this Court lacks jurisdiction to entertain Baker's complaint. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Fifefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

Here, Baker's lawsuit is, at its core, another attempt to challenge to the validity of the judgments of Justice Nesi arising out the divorce proceedings in the Probate and Family Court. Based on the fact that Baker is alleging that rulings rendered by Justice Nesi are null and void, and in light of the fact that he seeks to have a new divorce trial, there is little doubt here that Baker is, in essence, seeking review and rejection of the state court judgments against him. Thus, the Rooker-

Feldman doctrine is applicable. See, e.g., Morris v. Am. Home Mortgage Servicing, Inc., 2011 WL 4448742, at *1 (5th Cir. Sept. 27, 2011) (slip copy) (Rooker-Feldman may be invoked by a defendant who was not a party in the prior state-court litigation); Lambeth v. Miller, 363 Fed. Appx. 565, 568-69 (10th Cir. 2010) (same); Christophe v. Morris, 198 Fed. Appx. 818, 824-25 (11th Cir. 2006) (same); see also Walton v. Claybridge Homeowners Ass'n, Inc., 2011 WL 3331944, at *1 (7th Cir. Aug. 3, 2011 (slip copy) (plaintiff's suit against state court judge and others barred by Rooker-Feldman where the plaintiff asked for injunctive relief from rulings of state court judge); Marciano v. White, 2011 WL 1748350, at *1 (9th Cir. May 9, 2011) (slip copy) (same); Frierson-Harris v. Kall, 198 Fed. Appx. 529, 530 (7th Cir. 2006).[6]

### D. Absolute Judicial Immunity Bars Claims

Even if this Court had jurisdiction to consider Baker's § 1983 claims because he is seeking monetary damages (as stated in his civil cover sheet), Baker nevertheless fails to state a claim upon which relief may be granted because his claims against Justice Nesi are based solely on his judicial acts rendered in the course of the divorce proceedings. As such, Justice Nesi is absolutely immune from suit. Baker purportedly recognizes this doctrine, he nevertheless attempts to overcome this immunity by claiming it should not be applied where a judge violates the canon of ethics. Baker's

---

[6] Apart from the Rooker-Feldman doctrine, the domestic relations exception bars any consideration of matters arising out of Baker's divorce proceedings. See Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir. 1981) ("[i]t is firmly established that the federal courts do not have diversity jurisdiction to grant divorces, determine alimony and support obligations, or resolve conflicting claims of divorce parents to the custody of their children...."[A]lthough the exception has been narrowly confined, we and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception."). This applicability of this doctrine was addressed by Judge Tauro in connection with Baker's earlier civil action against Justice Nesi, challenging child custody, property division, and other domestic rulings. See Baker v. Nesi, Civil Action No. 09-11869-JLT (Memorandum and Order (Docket No. 5 at 23-260)).

7

assertion is to no avail. "Judicial immunity is an <u>immunity from suit</u>, not just from ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (emphasis added). Further "judicial immunity is not overcome by allegations of bad faith or malice." <u>Id</u>.[7]

Consequently, even though Baker alleges that Justice Nesi had *ex parte* communications and conspired with his ex-wife's counsel, his ex-wife, and her family before the divorce complaint was filed, this is not sufficient to overcome applicability of the doctrine here, where <u>all</u> of Baker's alleged harm arises directly from the adverse actions taken within the course of Justice Nesi's function as a judicial officer presiding over his divorce case. It is clear that Baker asserts at this juncture that Justice Nesi's actions were extrajudicial simply because his prior complaint against Justice Nesi was unsuccessful. <u>See</u> <u>Baker v. Nesi</u>, Civil Action No. 09-11869-JLT. In the earlier action, Judge Tauro issued a Memorandum and Order (Docket No. 5 at 21-23) outlining the doctrine of absolute judicial immunity, and rejecting substantially similar challenges raised by Baker to Justice Nesi's actions taken during the course of the divorce proceedings.[8]

As a final matter, Baker's assertions of *ex parte* communications and conspiracy are wholly conclusory and without any factual support whatsoever. His allegations of conspiracy are utterly

---

[7]Although judicial immunity does not apply to actions (1) taken in the complete absence of all jurisdiction or the judge's judicial capacity; or (2) not taken in the judge's judicial capacity, <u>see</u> <u>Mireles</u>, 502 U.S. at 11-12, these two exceptions to judicial immunity do not apply to Baker's complaint.

[8]As an additional matter, it appears that Baker could have raised all of his claims against Justice Nesi in the first civil action before Judge Tauro. This is, in effect, Baker's attempt at a second bite at the apple. As such, his claims are barred by *res judicata*. <u>See</u> <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." (quoting <u>Porn v. Nat'l Grange Mut. Ins. Co.</u>, 93 F.3d 31, 34 (1st Cir. 1996))).

speculative, as evidenced, *inter alia*, by his statement that "[t]he plaintiff is curious as to precisely what the defendant knew regarding Melissa Baker that the plaintiff did not know, and which was never revealed in any form or in any nature during the several minutes in totality of the entire divorce preceding [sic] that caused the defendant to issue [an adverse] order." Compl at ¶ 26. In other words, Baker infers that because adverse rulings were made against him, that Justice Nesi must have had improper *ex parte* communications and must have engaged in a conspiracy to fix the outcome of the divorce proceedings. In considering whether absolute judicial immunity applies in this case, this Court does not credit the bald allegations. Mere assertions, without more, cannot establish a cognizable legal claim here, nor can a pure linguistic spin or artful pleading in the use of the term "conspiracy" create a claim, without an underlying factual basis for the assertion. Mere allegations by Baker that Justice Nesi agreed with his ex-wife and her attorney do not permit an inference of an agreement to deprive him of his rights. See Frierson-Harris, 198 Fed. Appx. at 530 ("... judges generally 'agree' with one side in litigation when ruling against the other; such agreements are not corruptions of the judicial process") (not selected for publication); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party, as here, such allegations do not pierce the immunity extended to judges).

Without belaboring the matter, this Court finds that Baker has not shown that the doctrine of absolute judicial immunity should not be applied to Justice Nesi under these circumstances. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) provide separate grounds for dismissal of this action in its entirety.

    D.    This Action is Frivolous, Abusive, and Vexatious

This Court has previously found that willful ignorance of the doctrine of absolute judicial

immunity by continued reassertions of claims against judges may be vexatious and frivolous. See Fennick v. Staco, et al., Civil Action No. 07-11096-MLW, Memorandum and Order at 7 (Docket No. 10). Here, in light of Baker's reassertion of claims earlier raised and rejected in Baker v. Nesi, Civil Action No. 09-11869-JLT, and in light Judge Tauro's detailed Memorandum and Order issued contemporaneously in the related actions (*i.e.*, Baker v. Stanley-Baker, Civil Action No. 09-11888-JLT; Baker v. Stanley-Baker, Civil Action No. 09-11886-JLT; Baker v. Stanley-Baker, Civil Action No. 09-11870-JLT; Baker v. Savignano, Civil Action No. 09-11863-JLT; Baker v. Ribeiro, et al., Civil Action No. 09-11862-JLT; Baker v. Ribeiro et al., and Civil Action No. 09-11859-JLT; Baker v. Stanley, et al., Civil Action No. 09-11823-JLT), Baker's attempt in this action to relitigate matters arising out of the state court divorce proceedings is deemed to be a frivolous, vexatious and/or abusive pleading practice, and dismissal of this action is warranted on this basis as well.[9]

        E.      Prohibition Against Further Suits Against State Judges Without Leave of Court

In light of Baker's litigation history of filing suit against state court judges connected with his divorce case, this Court finds that further suits of this type would impermissibly drain the scarce resources of this Court. Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, this Court ENJOINS Baker, when proceeding *pro se*, from filing a Complaint against any state court judge based on matters that occurred in the course of his divorce

---

[9]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285, Service Employees Intern. Union v. Nonotuck Resource Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995). Subjective bad intent is not necessary to justify a finding of vexatious conduct, id., and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). That is the case here.

proceedings, including any matters involving (directly or indirectly): (1) the issuance or finding of violations of restraining orders; (2) child custody, visitation, and support orders; and (3) property distribution orders, unless Baker first obtains prior leave of this Court to file by filing a Motion for Leave to Institute a Lawsuit.

Leave of Court will be freely granted upon Baker's showing, through a properly filed Motion for Leave to Institute a Lawsuit, that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11.

This Order does not apply to the filing of a timely notice of appeal from this Court to the First Circuit Court of Appeals nor does it apply to papers filed solely in furtherance of any appeal from this Order. See Tilbury v. Aames Home Loan, 2005 WL 3477558, *10-11 (D.N.J. 2005) (issuing similar injunction and noting cases).

Failure to comply with this directive may result in the imposition of further sanctions.

F.      Certification That Any Appeal Would Not Be Taken In Good Faith

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. Id. "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958) (*per curiam*); see also Wooten v. District of Columbia Metropolitan Police Department, 129 F.3d

206, 208 (D.C. Cir. 1997). That is the case here. This Court finds that Baker's claims do not deserve additional judicial attention.

Should Baker seek to appeal the dismissal of this action, he must pay the appellate filing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

### III. Conclusion

Based on all of the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2. This action is DISMISSED *sua sponte* in its entirety;

3. Plaintiff is ENJOINED, when proceeding *pro se*, from filing a Complaint against any state court judge based on matters that occurred in the course of his divorce proceedings, including any matters involving (directly or indirectly): (1) the issuance or finding of violations of restraining orders; (2) child custody, visitation, and support orders; and (3) property distribution orders, unless Plaintiff first obtains prior leave of Court to file by filing a Motion for Leave to Institute a Lawsuit; and

4. This Court CERTIFIES that any appeal of this Memorandum and Order would not be taken in good faith.

SO ORDERED.

/s/ Denise J. Casper
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE